**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **JAMIE CLARK, on behalf of herself and all others similarly situated**, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> **METROPOLITAN LIFE INSURANCE COMPANY**, <br><br> Defendant - Appellee. | No. 10-17071 <br><br> D.C. No. 3:08-cv-00158-LRH-VPC <br><br> MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted November 17, 2011
Stanford, California

Before:    **KOZINSKI**, Chief Judge, **FARRIS**, Circuit Judge, and
    **GETTLEMAN**, District Judge.<sup>**</sup>

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    **    The Honorable Robert W. Gettleman, Senior United States District
Judge for the Northern District of Illinois.

The uncontested facts establish that plaintiff suffered no damages from defendant's management of the Total Control Account Money Market Option ("TCA"). The district court thus properly granted summary judgment for defendant on plaintiff's breach of contract claim. See Brown v. Kinross Gold U.S.A., Inc., 531 F. Supp. 2d 1234, 1240 (D. Nev. 2008) (quoting Saini v. Int'l Game Tech., 434 F. Supp. 2d 913, 919–20 (D. Nev. 2006)). The undisputed facts further show that plaintiff's status as a TCA holder did not create the sort of relationship necessary to establish a Nevada state-law claim for breach of duties arising from a special or confidential relationship. The district court was therefore correct to grant summary judgment on that claim as well. See Giles v. Gen. Motors Acceptance Corp., 494 F.3d 865, 881–82 (9th Cir. 2007).

**AFFIRMED.**